# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| SOLOMON LEMUEL PERRY, § | | |
| Plaintiff, § | | |
| § | | |
| V. § | A-17-CV-434-RP | |
| § | | |
| BRATH VASUDEVAN, et al. § | | |
| Defendants. § | | |

## ORDER ON *IN FORMA PAUPERIS* STATUS AND
## REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO: THE HONORABLE LEE YEAKEL
  UNITED STATES DISTRICT JUDGE

Before the Court is Solomon Lemuel Perry's Application to Proceed *In Forma Pauperis* (Dkt. No. 2). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing the financial information in Perry's *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Perry *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Perry is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs

of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Perry's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Perry has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable

claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Perry's complaint provides very little information regarding the actual substance of his claims. From the few details provided, it appears that Perry is arguing that the Travis County Court case, C-1-CV-16-00837, was improperly decided resulting in eviction from his home. Perry sues Brath Vasudevan, Judge Eric M. Sheppard, Travis County Court House, CC#2, and Dale Multer for: illegal transfer, "exclamated" tax fraud, and abetting and violation of civil rights. Dkt. No. 1 at 3. Neither in the complaint nor in the attached fifty-eight page exhibit does Perry provide a single articulated fact or claim which the Court can assess. Rather, Perry provides the text of a number of statutes, mainly 18 U.S.C. § 241 *et seq.*—which describe a number of federal crimes—and a copy of a copyright notice with the word "VIOLATED" written across the top of the page. Dkt. No. 1, Exh. 1. Additionally, Perry attached several UCC Financing Statement forms and receipts from the *Austin American Statesman*. *Id.* In Perry's Motion for Protective Order, filed shortly after his complaint and IFP application, Perry also attaches IRS Information Referral forms and an Identity

3

Theft Affidavit, ostensibly filed against the defendants. Dkt. No. 3. From this information, the Court is unable to piece together the factual basis behind Perry's complaints.

Even broadly construing Perry's Complaint, this Court cannot discern what claim he is attempting to bring against the defendants. As best the undersigned can determine, Perry is requesting the Court to intervene in an eviction proceeding. Specifically, in Perry's Motion for Protective Order (Dkt. No. 3), he requests the Court to halt the eviction. A dispute regarding an eviction is clearly outside the jurisdiction of the federal court. *Stump v. Potts*, 322 F. App'x 379, 380, 2009 WL 1033592 (5th Cir. 2009); *The Home Loan Cntr. v. Thompkins*, No. 06–10379, 2006 WL 335707, at *2 (E.D. Mich. Feb.14, 2006); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y.2002) (noting it is well established that the landlord-tenant relationship is fundamentally a matter of state law and that federal courts appropriately abstain from adjudicating those actions as they involve complex questions of state law). The remainder of Perry's claims—if indeed any remain—are unintelligible and incomprehensible with no factual basis, and as such should be dismissed as frivolous.

### III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Perry *in forma pauperis* status (Dkt. No. 1). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Perry's federal cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of May, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE